1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

| | |
|---|---|
| SEAN PARKER, individually and on behalf of all others similarly situated, | Case No. 3:25-cv-5624 |
| Plaintiff, | DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT |
| v. | [FROM PIERCE COUNTY SUPERIOR COURT CASE NO. 25-2-08798-6] |
| WALGREEN PHARMACY SERVICES MIDWEST, LLC, an Illinois Limited Liability Company; WALGREEN CO., an Illinois Corporation, and DOES 1-20, inclusive, | |
| Defendants. | |

9

10

11

12

13

14

15

16

**TO:**        Clerk, U.S. District Court, Western District of Washington, at Seattle;

17

**AND TO**:        All parties and their attorneys of record.

18

PLEASE TAKE NOTICE that Defendants Walgreen Pharmacy Services Midwest, LLC

19

and Walgreen Co. ("Walgreens" or "Defendants") hereby removes the state court action captioned

20

*Parker v. Walgreen Pharmacy Services Midwest, LLC, et al.*, Case No. 25-2-08798-6 (the "State

21

Action") from the Superior Court of the State of Washington for the County of Pierce  ("Pierce

22

County Superior Court") to the United States District Court for the Western District of

23

Washington.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and

24

Western District of Washington Local Civil Rule 101.  In support of their removal of this action,

25

Defendants state as follows:

26

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 1

# I. BACKGROUND

1.     On May 23, 2025, Plaintiff Sean Parker ("Plaintiff") filed the State Action in the Pierce County Superior Court against Defendants.  In accordance with 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's state court complaint (the "Complaint") is attached hereto.  A complete copy of all process, pleadings, orders, and other records served or filed in the state court action will be attached to Defendant's Verification of State Court Records, to be filed within 14 days of the filing of this Notice pursuant to the Court's Local Civil Rule 101(c).

2.     Plaintiff accomplished service on June 20, 2025. This Notice of Removal is filed within 30 days of Walgreens' receipt of a copy of Plaintiff's Summons and Complaint and is also otherwise timely filed under 28 U.S.C. § 1446(b).

3.     By filing this Notice of Removal, Walgreens does not waive any objections it may have to service, jurisdiction, or venue, or any other defenses or legal positions, jurisdictional or otherwise, which it may possess. Walgreens intends no admissions of fact, law, or liability by this Notice of Removal, and expressly reserves all defenses, motions, and/or pleas.

## II. JURISDICTION AND GROUNDS FOR REMOVAL

**A.     Diversity Exists Between Plaintiff And Walgreens**

1.     Plaintiff is a Washington resident, and therefore a citizen of Washington.  Compl., ¶ 3.1.

2.     Walgreen Pharmacy Services Midwest, LLC's members have a principal place of business and headquarters in Illinois,, and Walgreen Co. is a corporation incorporated under the laws of Illinois with its principal place of business in Illinois. (Ex. A, Complaint ("Complaint), ¶ 1.1; Declaration of Cherita Thomas, ¶¶ 2-8)) Defendants are therefore Illinois state citizens for purposes of diversity jurisdiction.

3.     Jurisdiction is proper in the Western District of Washington because the State Action is pending in Pierce County, Washington. 28 U.S.C. § 1441(a). Venue of the removed

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 2

action is proper in this Court as it is the district and division within which the State Action is pending.

4.      28 U.S.C. § 1453(b) provides that "[a] class action may be removed to a district court of the United States in accordance with section 1446." In turn, 28 U.S.C. § 1446(b)(2)(B) requires that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons." This Notice of Removal is filed within 30 days of receipt of service of the Complaint.

**B.      REMOVAL TO THIS COURT IS PROPER UNDER CAFA.**

1.      Under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act of 2005 ("CAFA") vests federal courts with original diversity jurisdiction over a class action "if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir. 2007). "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Id.* at 1021 (citation omitted). As relevant here, "CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not 'States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.'" *Id.* at 1020 (*quoting* 28 U.S.C. § 1332(d)(5)). A "class action" is defined by CAFA as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *U.S.C.* § 1332(d)(1)(B). Defendants' removal of the lawsuit to this Court is proper because each of these requirements is satisfied, as detailed below. 28 U.S.C. §§ 1453, 1446; *see Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (recognizing that "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively").

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 3

a.    **The Proposed Class Contains at Least 100 Members.**

(i)    28 U.S.C. § 1332(d)(5)(B) sets forth that CAFA does not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." This requirement is met in this case.

(ii)    Plaintiff seeks to represent a class ("Class Members") consisting of "[a]ll current and former non-exempt employees that worked for any one or more of the Defendants at any location in Washington State at any time from three years prior to the filing the Complaint through the date of the Court's order certifying the Class ('Class Period')" (Complaint, ¶ 4.1.)

(iii)    The approximate number of Class Members is 8,951.  (Musgrove Decl., ¶ 3.).  Plaintiff estimates there are at least 100 Class Members.  Compl., ¶ 4.3.

b.    **Walgreens is Not a Governmental Entity.**

(i)    Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

(ii)    Walgreens is not a state, state official, or other governmental entity. Walgreens is a private business entity, as is its parent entity. (Declaration of Cherita Thomas ("Thomas Decl."), ¶ 9.)

c.    **There Is Diversity Between Plaintiff and Walgreens**

(i)    CAFA's minimal diversity requirement is satisfied when "*any member* of a class of plaintiffs is a citizen of a State different from *any defendant*." 28 U.S.C. §§ 1332(d)(2)(A) (emphasis added), 1453(a); *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) (citing 28 U.S.C. § 1332(d)(2)(A)). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class members. *See Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Additionally, for removal purposes, diversity must exist both when the action was commenced in state court and at the time

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 4

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

1    of removal. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

2    Minimal diversity of citizenship exists here because Plaintiff and Walgreens are citizens of

3    different states.

4         (ii)    For diversity purposes, a person is a "citizen" of the state in which

5    he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088 (9th Cir. 1983);

6    *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the

7    time the lawsuit is filed); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10

8    (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or

9    to which he or she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th

10   Cir. 2001).

11        (iii)    Here, upon information and belief, when Plaintiff commenced this

12   action and at the time of removal, Plaintiff resided in the State of Washington. (*See* Compl.,

13   ¶ 3.1.)

14        (iv)    A corporation is a citizen of both the state of incorporation and

15   where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  Walgreen Co. is a citizen of

16   Illinois, as its principal place of business and headquarters are in Deerfield, Illinois.  (Complaint,

17   ¶¶ 1.1., 3.6, 3.7.); Thomas Decl. ¶¶ 2-3.

18        (v)    The named Plaintiff is a citizen of a state different from Walgreen

19   Co. Thus, minimal diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§

20   1332(d)(2)(A), 1453.

21        **d.**    **This Matter in Controversy Exceeds the Sum or Value of $5 Million.**

22        (i)    CAFA requires that the amount in controversy exceed $5 million,

23   exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the

24   individual members in a class action are aggregated to determine if the amount in controversy

25   exceeds the sum or value of $5 million. 28 U.S.C. § 1332(d)(6). An action may be removed if the

26   defendant establishes, by a preponderance of the evidence, that the amount in controversy

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 5

1    exceeds the jurisdictional amount. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81,

2    88 (2014). In *Dart Cherokee Basin*, the U.S. Supreme Court recognized that "as specified in §

3    1446(a), a defendant's notice of removal need include only a plausible allegation that the amount

4    in controversy exceeds the jurisdictional threshold." *Id.* at 89. Only if the plaintiff contests or the

5    court questions the allegations of the notice of removal is supporting evidence required. *Id.* There

6    is "no antiremoval presumption" in CAFA, "which Congress enacted to facilitate adjudication of

7    certain class actions in federal court." *Id.* "[T]he defendant's amount-in-controversy allegation

8    should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a

9    plaintiff invokes federal court jurisdiction. *Id.* at 87. "The amount in controversy is simply an

10   estimate of the total amount in dispute, not a prospective assessment of defendant's liability."

11   *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

12              (ii)     As explained by the Ninth Circuit, "the amount-in-controversy

13   inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate

14   Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Rodriguez v. AT & T Mobility Servs.,

15   LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (holding that the ordinary preponderance of the evidence

16   standard applies even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino v.

17   McKee Foods Corp.*, 506 F.3d 696, 702 (9th Cir. 2007) (holding that even if a plaintiff

18   affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently

19   specific total amount in controversy, the removing defendant is still only required to show by a

20   preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

21              (iii)    "District Courts in the Ninth Circuit have permitted a defendant

22   removing an action under CAFA to make assumptions when calculating the amount in

23   controversy—such as assuming a 100 percent violation rate, or assuming that each member of

24   the class will have experienced some type of violation—when 'those assumptions are reasonable

25   in light of the allegations in the complaint.'" *Arreola v. Finish Line*, No. 14-CV-03339-LHK,

26   2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) (quoting *Altamirano v. Shaw Indus., Inc.*,

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 6

No. C–13–0939–EMC, 2013 WL 2950600, at *6 (N.D. Cal. June 14, 2013)) (collecting and citing cases).

(iv)    "[T]he amount in controversy is not limited to damages incurred prior to removal. . . . Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018).

(v)    Walgreens denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are based, and the alleged claims for monetary and other relief that flow therefrom. Although Plaintiff brings seven causes of action against Walgreens, for purposes of removal only, and without conceding that Plaintiff or the Putative Class Members is entitled to any damages or penalties whatsoever, a closer look at only two causes of action reveals that the alleged amount in controversy implicated by the class-wide allegations easily exceeds $5 million.  All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission, the truth of the facts alleged and assuming liability is established.

(vi)    Plaintiff purports to bring the State Action pursuant to Washington's wage and hour laws and Seattle's secure scheduling ordinance as a class action, and seek class certification on behalf of a class that includes Plaintiff and all hourly, non-exempt Walgreens employees who worked in the State of Washington at any time within the period beginning May 23, 20222 through class certification ("Putative Class Members"). (Complaint, ¶ 4.1.)

(vii)    The number of Putative Class Members is 8,951. (*See* Musgrove Decl., ¶ 3)

(viii)    Plaintiff's claims include alleged violations of RCW 49.12 and WAC 296-126-092 for alleged (and allegedly intentional) meal and rest period violations; alleged violations of RCW 40.46.090 and .130 regarding minimum wages; alleged violations of

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 7

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

Washington State overtime requirements; alleged violations of record keeping requirements under RCW 49.46.070; alleged failure to provide personal reimbursement expenses under SMC 14.20 et seq; and alleged violations of Seattle's Scheduling Ordinance.  *See* Compl., ¶¶ 6.1-12.11.

(ix)    Since May 23, 2022, three years before Plaintiff filed their Complaint, 8,951 hourly, non-exempt employees worked in the State of Washington for Walgreens (*See* Musgrove Decl. , ¶ 3.)  The average hourly rate for employees working during this period is approximately $20.54. (*Id.,* ¶ 5.)  The number of non-exempt employees currently working in Washington is 2,663.  (*Id*., ¶ 4.)

(x)    Pursuant to RCW 49.12, WAC 296-126-092, and *Androckitis v. Virginia Mason Med. Ctr.*, 32 Wash. App. 2d 418, 444, 556 P.3d 714, 730 (2024), *review denied*, 4 Wash. 3d 1007, 563 P.3d 448 (2025), penalties for missed meal periods are calculated at the rate of 30 minutes per meal period; for willful violations, the penalty is doubled.  Accordingly, the potential damages for Plaintiff's First and Second Causes of Action far exceeds $5 million. Even under very conservative assumptions, where only the current 2,663 employees have experienced meal period violations at a rate of half their shifts (instead of assuming a 100% violation rate as courts in this circuit do, as discussed above), and assuming they work full time but only 50 weeks per year, the total amount of potential damages is $13,674,505 ($20.54 per meal violation, doubled as willful, times 2.5 shifts per week, times 50 weeks).[1]

(xi)    Accordingly, even without the inclusion of the entire purported Class or all of Plaintiffs' claims, the amount in controversy exceeds $5 million. Plaintiffs also seek attorneys' fees and costs.  (Complaint, e.g., ¶¶ 6.13, 8.7, and 9.7.)

(xii)    It is well established that in determining whether a complaint meets the amount in controversy requirement, the court should consider attorneys' fees.

---

[1] Walgreens reserves the right to calculate additional potential damages as necessary to oppose a motion to remand.

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 8

*Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdiction amounts); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). The Ninth Circuit has held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794. "The type of evidence that courts have considered to estimate reasonable future attorney's fees include a percentage of economic damages alleged, fee awards in similar cases, and estimates of the number of hours that will likely be required to litigate the pending case multiplied by the opposing counsel's hourly rate." *Peck v. First Student, Inc.*, No. 3:17-cv-0863-SI, 2017 WL 3288116, at *3 (D. Or. Aug. 2, 2017).

(xiii)    When including attorneys' fees within the amount in controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate. *See Ramos v. Schenker, Inc.*, No. 5:18-cv-01551-JLS-KK, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) (finding that "'when including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate,' especially in wage and hour class actions" and concluding that "the 25% benchmark provides a non-speculative guidepost for assessing jurisdiction" (citation omitted)); *Heejin Lim v. Helio, LLC, No. CV 11-9183 PSG (PLAx), 2012 WL 359304, at *3 (C.D. Cal. Feb. 2, 2012)* ("[T]he Court notes that Plaintiff seeks attorney's fees, which are properly included in the amount in controversy at 25% of the potential damage award."); *Jasso v. Money Mart Exp., Inc.*, No. 11-cv-5500 YGR, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012) (noting it was "not unreasonable" for defendant to rely on attorneys' fees comprised of 25% of potential damages when calculating the amount in controversy).

(xiv)    Here, using the benchmark of 25% on the very conservative estimate of Plaintiff's potential recovery for only their First and Second Causes of Action, attorneys' fees would be at least \$3,418,626 (25% of \$13,674,505). Add \$3,418,626 to the

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 9

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

1 | $13,674,505 in controversy for just those two causes of action and altogether the claims of the

2 | class Plaintiff seeks to represent clearly exceed $5 million as the amount in controversy.

### III.  NOTICE

4 | 1.      Following the filing of this Notice of Removal, Walgreens will provide written

5 | notice to Plaintiff's counsel of record as required by 28 U.S.C. § 1446(d), and a copy of the Notice

6 | of Removal will be filed with the Clerk of the Pierce County Superior Court.

### IV.  STATE COURT PLEADINGS

8 | 1.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders

9 | received are filed herewith.

10 | 2.      To Walgreens and counsel's knowledge, there are no matters pending in the state

11 | court that will require resolution by this Court.

### REMOVAL

13 | WHEREFORE, Defendants remove the above-captioned action now pending against it in

14 | the Superior Court of the State of Washington for the County of Pierce to the United States District

15 | Court Western District of Washington, where it shall proceed as an action originally commenced

16 | there.

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 10

129666839.3 0009869-00020

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

DATED:  July 18, 2025.

STOEL RIVES LLP

s/ Adam S. Belzberg
ADAM S. BELZBERG, WSBA No. 41022
adam.belzberg@stoel.com
600 University Street, Suite 3600
Seattle, WA 98101
Telephone:  206.624.0900
Facsimile: 206.386.7500


_s/ Christopher T. Wall
CHRISTOPHER T. WALL, WSBA No. 45873
christopher.wall@stoel.com
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500


STOEL RIVES LLP

RYAN S. KUNKEL, *pro hac vice pending*
ryan.kunkel@stoel.com
760 SW Ninth Avenue, Suite 300
Portland, OR 97205
Telephone: 503.224.3380
Facsimile:  503.220.2480

Attorneys for Defendants

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 11

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT** on the following named person(s) on the date indicated below by

☐   mailing with postage prepaid

☒   email

☒   notice of electronic filing using the CM/ECF system


Jamie K. Serb
Zachary M. Crosner
Crosner Legal, P.C.
92 Lenora St., #179
Seattle, WA  98121
jamie@crosnerlegal.com
zach@crosnerlegal.com

Attorneys for Plaintiff

DATED: July 18, 2025                    STOEL RIVES LLP


                                        *s/ Melissa Wood*
                                        Melissa Wood, Practice Assistant


DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 12

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900