UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEAN PARKER, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>    v.<br><br>WALGREEN PHARMACY SERVICES MIDWEST, LLC, et al.,<br><br>            Defendant. | CASE NO. 3:25-cv-05624-BHS<br><br>ORDER |

This matter is before the Court on defendant Walgreens's motion to dismiss, Dkt. 11.

Plaintiff Sean Parker is a former Walgreen Pharmacy Services employee. In May 2025, he filed a class action against Walgreen Pharmacy Services, Walgreen Co., and Does 1–20. Dkt. 1-2. His complaint alleges Walgreens failed "at times" to provide meal and rest breaks, compensate for those missed breaks, and to pay minimum and overtime wages. *Id.* at 15–23. He asserts Walgreens's conduct violated several Washington wage and hour laws (claims 1–5) and two Seattle municipal ordinances (claims 6–7). *Id.* Walgreens removed the case here under the Class Action Fairness Act (CAFA). Dkt. 1.

ORDER - 1

1	Walgreens moves to dismiss Parker's claims. Dkt. 11. First, it contends his
2	complaint lacks sufficient detail and specificity to plausibly allege any of his wage and
3	hour claims. *Id.* at 4 (citing *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th
4	Cir. 2014)). Walgreen Co. argues it should be dismissed because it is a separate entity
5	from Walgreen Pharmacy Services, and was never Parker's employer. *Id.* at 5. In support,
6	it cites Walgreen Co.'s Assistant Secretary Cherita Thomas's declaration asserting
7	"Walgreen Co. does not hire or terminate [Pharmacy] employees." Dkt. 12.[1]

8	Parker responds that he meets the pleading standard for wage and hour cases. Dkt.
9	13 at 7. Regarding his claims against Walgreen Co., he argues the Court should consider
10	only the pleadings and contends there is a "genuine issue of material fact as to whether
11	Walgreen Co. was [his] employer." *Id.* at 10. He asks the Court to defer ruling on this
12	until he conducts discovery on this issue.

## I.  DISCUSSION

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the

---

[1] Walgreens initially also argued that the Court should dismiss claims 6–7 because the Seattle ordinance, SMC Chapter 14.22, did not apply. It has since withdrawn that argument. Dkt. 15 at 1 n.1.

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although courts must accept as true the complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

When granting a Rule 12(b)(6) motion to dismiss, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, when the facts are not in dispute and the sole issue is whether there is liability as a matter of substantive law, courts may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

A.  **Parker plausibly alleges Walgreens violated wage and hour laws**

The Ninth Circuit addressed the pleading standard for wage and hour claims in *Landers*. 771 F.3d at 644. Applying *Twombly* and *Iqbal* to Fair Labor Standards Act (FLSA) claims, the court held that while "detailed factual allegations" are not required,

"conclusory allegations that merely recite the statutory language" do not suffice. *Id.* Although wage and hour plaintiffs "cannot be expected to allege with mathematical precision," their allegations must do more than merely "raise the possibility" of a violation. *Id.* at 646 (internal quotation marks omitted). "[W]ith the pleading of more specific facts, the closer the complaint moves toward plausibility." *Id.* at 644.

District courts in this Circuit read *Landers* to apply to state labor laws as well. *See, e.g., Arnold v. Marriott Int'l.*, No. 24-CV-00221-RAJ, 2025 WL 1919260 (W.D. Wash. 2025); *Reyes v. Five Diamond Cold Storage, Inc.*, No. 24-CV-00028-JLT-SAB, 2024 WL 3011123 (E.D. Cal. 2024); *Harbaugh v. Pac. Cap. Enter. LLC*, No. CV-19-04720-PHX-JAT, 2020 WL 2840053 (D. Ariz. 2020).

Parker's complaint does more than just parrot the statutory language. He provides specific instances of how Walgreens allegedly violated wage and hour laws. He alleges, for examples, that his supervisor "frequently interrupted" his breaks to discuss or require him to complete work tasks, after which Walgreens would "unlawfully edit the clock in and out times . . . to display at least a thirty-minute off-duty meal period." Dkt. 1-2 at 10, 13–14, 22–23. The complaint is sufficiently specific. *See Arnold*, 2025 WL 1919260, at *6 ("courts in this circuit have found complaints sufficient if they identify a specific time or frequency where violations occurred, and some detail regarding the nature of the alleged violation."). Thus, the Court concludes Parker plausibly alleges that Walgreens violated Washington and Seattle wage and hour violations.

**B.     Parker sufficiently asserts claims against Walgreen Co.**

On a motion to dismiss, the Court's review is "limited to the complaint, materials incorporated into the complaint by reference, and matters of which the Court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

Walgreens relies only on Thomas's declaration, Dkt. 12, to establish Walgreen Co. did not employ Parker. Dkt. 11 at 5. Thomas's declaration was filed alongside Walgreens's motion to dismiss and is extrinsic evidence the Court cannot consider at this stage. The Court cannot infer from the complaint that Walgreen Co. did not employ pharmacy assistants and technicians. Rather, Parker plausibly alleges he was an employee of both Walgreen Co. and Walgreen Pharmacy Services. Dkt. 1-2 at 2, 3.

The Court declines to dismiss Walgreen Co. as a defendant. Walgreens may renew this issue at a later stage.

Walgreens's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated this 18th day of November, 2025.

    _____
         BENJAMIN H. SETTLE
         United States District Judge