The Honorable Benjamin H. Settle
Noted for Consideration: September 22, 2026
Without Oral Argument

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| SEAN PARKER and ANAI TORRES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALGREEN CO., an Illinois corporation; and WALGREEN PHARMACY SERVICES MIDWEST, LLC,<br><br>Defendants. | Case No.: 3:25-cv-05624-BHS<br><br>**STIPULATED MOTION TO AMEND THE CASE SCHEDULE AND CLASS CERTIFICATION BRIEFING DEADLINES** |

## I. RELIEF REQUESTED

Plaintiffs Sean Parker and Anai Torres, individually and on behalf of all others similarly situated ("Plaintiffs"), and Defendants Walgreen Co. and Walgreen Pharmacy Services Midwest, LLC ("Defendants") (Plaintiffs and Defendants are referred to collectively herein as the "Parties") jointly and respectfully move the Court for an order extending the deadlines in the Court's Order Setting Class Certification Briefing Schedule (Dkt. 18) by approximately eight (8) months, as set forth in the proposed amended schedule below. No trial date or post-certification pretrial deadlines



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

have yet been set; the Court's Order provides that those deadlines will be set after the Court rules on class certification.

The Parties respectfully request that the Court adopt the following amended schedule:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery cutoff | October 12, 2026 | June 12, 2027 |
| Plaintiffs' disclosure of experts re class certification | October 16, 2026 | June 16, 2027 |
| Defendants' disclosure of experts re class certification | October 16, 2026 | June 16, 2027 |
| Plaintiffs' disclosure of rebuttal experts re class certification | October 23, 2026 | June 23, 2027 |
| Defendant's disclosure of rebuttal experts re class certification | | June 30, 2027 |
| Deadline to complete expert depositions | November 6, 2026 | September 30, 2027 |
| Plaintiffs' motion for class certification due | November 9, 2026 | October 3, 2027 |
| Defendants' response to motion for class certification due | December 7, 2026 | October 24, 2027 |
| Plaintiffs' reply due | December 21, 2026 | November 7, 2027 |
| Hearing on motion for class certification | To be set by the Court | To be set by the Court |
| Class notice and opt-out period; post-certification expert disclosures, fact discovery, dispositive motions, pretrial, and trial deadlines | To be set by the Court after ruling on class certification | To be set by the Court after ruling on class certification |

This Motion is based upon the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Court for the Western District of Washington ("LCR"), and the Court's



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

inherent power to control its own docket. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); LCR 16(b)(6). Here, good cause exists to amend the case schedule and related class certification briefing deadlines.

## II. STIPULATED FACTS AND GOOD CAUSE

The Parties stipulate to the following facts as good cause for the requested extension:

1. This action is a putative wage-and-hour class action brought by Plaintiffs against Defendants on behalf of non-exempt Washington employees, alleging failure to provide compliant meal and rest periods, unpaid off-the-clock work, uncompensated missed or interrupted breaks, and unreimbursed business expenses, together with a Seattle Subclass under the City's Secure Scheduling Ordinance. The Court's Order Setting Class Certification Briefing Schedule (Dkt. 18), entered October 27, 2025, established a discovery cutoff of October 12, 2026 and a deadline of November 9, 2026 for Plaintiffs' motion for class certification. No trial date has been set.

2. Because this matter is a putative class action, the discovery necessary to prepare the case for certification is voluminous. Defendants must identify and collect class-wide records—including class member identification and contact information, timekeeping and payroll data, wage statements, and shift schedules—from numerous locations and the systems in which those records are maintained. The number of locations requires coordination with multiple custodians and business units before the responsive data can be retrieved. Once identified and collected, the data must be extracted from the relevant systems, processed into a usable format, validated for completeness and accuracy, reviewed for responsiveness and applicable protections, and prepared for production. These sequential steps require substantial lead time and cannot reasonably be completed under the current schedule.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

3. The Parties will also need to conduct depositions before class certification. Defendants will need to depose Plaintiffs. Plaintiffs will need to depose Defendants' Rule 30(b)(6) witnesses to testify regarding Defendants' relevant policies, employee pay scales and records, corporate structure and joint-employer relationships, relevant Electronically Stored Information ("ESI"), human resources, and payroll, as well as any percipient and/or expert witnesses Defendants may rely on at the pre-certification phase. The Parties will meet and confer over mutually agreeable dates for depositions.

4. Discovery needs in the post-class certification phase will be determined after the Court rules on Plaintiffs' class certification motion, and may include the merits of the alleged wage-and-hour violations, the scope of class-wide damages, expert analysis, and class member depositions.

5. The Parties have met and conferred regarding the outstanding discovery, including the scope of pre-certification discovery, the categories and sources of responsive records, the number of locations from which documents and data must be gathered, and the time reasonably necessary to complete production. Based on those discussions, the Parties anticipate that the discovery process must proceed in stages: first, identification of custodians, locations, systems, and responsive data sources; second, coordinated collection of documents and data from the implicated locations; third, extraction and processing of information maintained in Defendants' systems; and fourth, validation, review, and rolling production of responsive materials. The Parties agree that the requested extension through the proposed June 12, 2027 discovery cutoff provides the time reasonably necessary to complete those steps and any related depositions before class-certification briefing.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

6. Since the initiation of this case, the Parties have diligently advanced the litigation by serving and responding to written discovery and conferring regarding the scope, sequencing, and timing of production. Their meet-and-confer confirmed that, given the number of implicated locations and the technical and operational time required to retrieve, extract, process, validate, review, and produce records from multiple systems, the current deadlines cannot reasonably be met despite the Parties' diligence. This is the Parties' first request to amend the case schedule, and the proposed dates are designed to accommodate the staged discovery timeline, completion of necessary depositions, expert work, and preparation of the class-certification record.

## III. AUTHORITY

This Court has broad discretion to manage the pretrial phase of litigation and to modify its scheduling order. A schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *accord* LCR 16(b)(6) (the parties are bound by the dates in the scheduling order, which "may be modified only for good cause and with the judge's consent"). The good-cause standard "primarily considers the diligence of the party seeking the amendment," and the court may modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, good cause exists because the Parties, despite their diligence, require additional time to complete the voluminous class-wide discovery described above and to prepare Plaintiffs' motion for class certification. The Parties have exchanged written discovery and met and conferred regarding the scope, sources, sequencing, and timing of production. Those discussions confirmed that responsive records must first be identified and collected across numerous locations, then extracted and processed from multiple systems, validated for completeness and accuracy, reviewed, and produced on a rolling basis. Because each stage depends on completion of the



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

preceding work, the class-wide records necessary for certification cannot be fully produced under the current schedule despite the Parties' diligent and cooperative efforts. The requested extension through the proposed June 12, 2027 discovery cutoff is therefore reasonably tailored to the time necessary to complete production and related pre-certification discovery.

Further, to move for class certification, Plaintiffs must demonstrate that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23, including numerosity, commonality, typicality, and adequacy under Rule 23(a), and, for a damages class, predominance and superiority under Rule 23(b)(3). Part of that inquiry includes whether other individuals were subjected to the same allegedly unlawful practices and suffered similar alleged injuries — a showing that depends on the class-wide records the Parties are still working to produce.

In addition, if class certification is granted, additional time will be necessary to accomplish constitutionally sound notice to the class and to allow class members an opportunity to exclude themselves. The requested extension is sought in good faith and not for purposes of delay, and no party will be prejudiced by it.

## IV. CONCLUSION

The Parties jointly and respectfully request that this Court issue an Order extending the deadlines in its Order Setting Class Certification Briefing Schedule (Dkt. 18) by approximately eight (8) months, as set forth in the proposed amended schedule above, and granting such other relief as the Court deems just and proper.

DATED this 22nd day of September, 2026.

Signed by:



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

**CROSNER LEGAL, P.C.**

By: */s/ Jamie K. Serb*
Samuel J. Fenton, WSBA No. 60051
Jamie K. Serb, WSBA No. 62065
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
sam@crosnerlegal.com
jamie@crosnerlegal.com
*Attorneys for Plaintiffs and the Putative Class*

**STOEL RIVES LLP**

By: */s/ Adam S. Belzberg*
Adam S. Belzberg, WSBA No. 41022
Emily L. Seibold, WSBA No. 62988
Ryan S. Kunkel (*pro hac vice*)
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
adam.belzberg@stoel.com
emily.seibold@stoel.com
ryan.kunkel@stoel.com
*Attorneys for Defendants*